(133 So. 58)

## SPICER v. STATE.

### 4 Div. 644.

Court of Appeals of Alabama.
Dec. 16, 1930.

Rehearing Denied Jan. 13, 1931.

Marcus J. Fletcher, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The allegation in the indictment was an intent to hinder, delay, or defraud "Andalusia Mule Co., a corporation." This was a material allegation in the indictment, and necessary to be proved as alleged. This proof was made by J. W. Shreve, president and general manager of the corporation, who made the sale of the mule in question to defendant and prepared and witnessed the execution of the mortgage on the mule. The mortgage

was regular, and created such a lien on the mule as is contemplated by section 4925 of the Code of 1923. The omission of the word "corporation" from the name of the corporation in the mortgage does not invalidate the mortgage. Parol evidence is admissible for purposes of identification. 41 Corpus Juris 396 (231).

 The court refused to give at the request of defendant in writing these charges:

"3. The Court charges you that if you believe from the evidence that the mule testified about was sold and delivered to Mr. Clary in Florida you cannot convict the defendant of selling property covered by a written instrument.

"Refused. Thigpen, Judge."

"5. The Court charges you that if you believe the evidence in this case you cannot convict the defendant for selling the property testified about in Florida.

"Refused. Thigpen, Judge."

The court in his oral charge instructed the jury:

"Ordinarily, under this indictment, it would be up to you to find whether the defendant sold or removed this property with the intent to injure or defraud, but under the proof in this case the sale of this property took place in Florida, therefore you could not find this defendant guilty under this indictment for a sale of this property and your inquiry would, therefore, be did he remove the property covered by this lien with the intent to injure or defraud and did he have knowledge of the existence of this lien." This part of the oral charge covered charges 3 and 5 above quoted. The evidence of the sale of the property, either in Florida or elsewhere, was relevant as having a bearing on the question of the intent of the defendant in removing the property covered by the mortgage from this state.

 It was in evidence that defendant owned a farm in Florida, and the court permitted the defendant to show this, but as to whether this farm had been formerly owned by defendant's brother was illegal and irrelevant. This is also true as to that line of inquiry seeking to prove that Andalusia Mule Company had turned the mortgage over to its attorney, that suit had been brought against one Duggan for the recovery of the mule, and that the mule in question had been recovered in the suit. These were matters res inter alios acta and not relevant to any issue here being tried.

There is no error in the record, and the judgment is affirmed.

Affirmed.